# McDonald *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Railroad companies—Crossings—Injuries to pedestrians—Case for jury.*

1. In an action by a pedestrian against a railroad company to recover damages for injuries occasioned by a locomotive at a grade crossing the case is for the jury and a verdict for the plaintiff will be sustained where it appears that when plaintiff approached the crossing the gates were raised, that an engine was standing

eight or ten feet away and that a brakeman in a car behind the engine signalled plaintiff to cross, and that while she was in the act of crossing, the engine started without warning and struck her, inflicting the injuries complained of.

*Practice, C. P.—Motions for a new trial—Rules of Common Pleas of Philadelphia County—Disregard. of rule.*

2. It is not reversible error to discharge a motion for a new trial which is filed in violation of the rules of court.

3. Under the rules of court of Philadelphia County, a motion for a new trial based upon ex parte affidavits, alleging the falsity of certain testimony produced at the trial, may not be entered as of course, but must be allowed by the court.

Argued Jan. 12, 1916.    Appeal, No. 274, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1914, No. 2443, on verdict for plaintiff, in case of Mary McDonald v. The Pennsylvania Railroad Company.    Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

From the record it appears that there was evidence that the plaintiff, Mary McDonald, on September 23, 1914, was injured in an attempt to cross the tracks of the defendant railroad company running along Gray's Ferry Road at 31st street, in the City of Philadelphia. She proceeded west on Gray's Ferry Road to 31st street, where the defendant company maintained a regular crossing constructed of planks.    When she arrived upon the tracks of the railroad upon this regular foot crossing she stopped, and at that time there was an engine standing eight or ten feet or more away from her.    The gates were up when she started to cross.    A brakeman on top of a car back of the engine signalled her with his hands to cross in front of the engine.    She started to cross and, as she was committed to the act of crossing, the engine started without warning and struck her and knocked her into the middle of 31st street.

Verdict for plaintiff for $20,000.00, which the court reduced to $15,000, and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment for defendant n. o. v. and in refusing defendant's motion for a new trial.

*Edwin Jaquett Sellers,* of *Sellers & Rhoads,* for appellant.

*David J. Smyth,* with him *Samuel G. Stem* and *John J. McDevitt, Jr.,* for appellee.

PER CURIAM, March 20, 1916:

The question of the liability of the appellant for the injuries sustained by the appellee could not have been taken from the jury, and no complaint is made of the instructions to them in the charge of the learned trial judge. On this appeal, however, it was most earnestly contended that a new trial ought to have been awarded, in view of depositions which were filed showing that a material witness for the plaintiff had testified falsely at the trial. These so-called depositions were mere ex parte affidavits made by the affiants with no notice whatever to the appellee, one of whom was the alleged false witness himself. The verdict was rendered on April 19, 1915, and, within the four days allowed by Rule 89 of the court below, a motion for a new trial was filed, and the following reasons assigned therefor: "I. The verdict is against the weight of the evidence. II. The verdict is against the law. III. The verdict is excessive. IV. The learned trial judge erred in declining the point for charge presented by defendant, which was as follows: That under the law and the evidence the verdict should be for the defendant." On May 10, 1915, the said ex parte affidavits were filed and assigned as aditional reasons for asking for a new trial. Rule 83 of the Common Pleas

provides that "if the relief sought depends entirely upon matter of record, a motion or rule may be entered as of course; but if the relief sought depends upon any matter not of record, the motion or rule shall be founded upon a petition, duly verified, stating the reasons why the relief should be granted, and must be allowed by the court." Under this rule a motion for a new trial could not have been entered as of course upon the mere filing of the said ex parte affidavits within four days after the verdict, for a rule or motion for relief based upon them would have to be allowed by the court. The same is undoubtedly true of them after four days from the date of the verdict, and, in view of the disregard of Rule 83, the court below committed no error, if it did not consider them. As the case was clearly for the jury, and the record is free from error, the judgment is affirmed.