Gennaro et ux. *v.* P. R. T. Co., Appellant.

234

Argued October 16, 1929.

Before Porter, P. J., Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*James Francis Ryan,* and with him *J. J. K. Caskie,* for appellants.

*Martin Silvert,* for appellee.

Opinion by Linn, J., November 18, 1929:

Mrs. Gennaro has judgment for $2,000 in her suit to recover for personal injury. Appellant contends that its motion for a new trial should have been granted; no other complaint is made and the single reason here urged is stated as follows in a paper filed below entitled, "Defendant's additional reasons for a new trial based on after-discovered evidence: ...... because of evidence discovered after the trial of the said case, which was not known to nor available to the defendant prior to the trial, and which is relevant and material evidence as to the injury of the plaintiff, Margaret Gennaro, and as to her present condition, and which is in direct contradiction of the evidence produced by the plaintiff upon the trial of this case. The particulars of this after-discovered evidence are set forth in the affidavit of E. S. Fleming and Dr. Henry Mikelberg hereto attached and made a part hereof." It is the settled practice not to reverse for the refusal to grant a new trial for after-discovered evidence unless there has been clear abuse of discretion: Com. v. Heck, 92 Pa. Superior Ct. 541, 546; Hunter v. Bremer, 256 Pa. 257, 266. When we come to apply that principle, appellant has nothing in the record to support its complaint.

Material facts cannot be brought on the record by mere ex-parte assertion in a motion for a new trial filed as of course. The rules of the court below provide how it may be done. Rule 77 is as follows: "If the relief sought depends entirely upon matter of record, a motion or rule may be entered as of course; but if the relief sought depends upon any matter not of record, the motion or rule shall be founded upon a petition, duly verified, stating the reasons why the relief should be granted, and must be allowed by the court. This rule shall not apply to a sheriff's rule for interpleader." See McDonald v. Pa. Railroad Co., 253 Pa. 66, for an application of the rule.

Though it might have done so, the court below did not refuse the new trial for failure to comply with Rule 77, but gave another reason, equally sufficient as appears by the following quotation: "The chief reliance of counsel in respect of this motion is upon the alleged after discovered evidence, the substance of which is presented in the affidavits of Edward S. Fleming, an investigator employed by the defendant company, and Dr. Henry Mikelberg, the former being merely a resume of the contents of the latter. The greater part of Dr. Mikelberg's statement cannot be regarded as being in any sense after-discovered testimony. It consists of the expert opinion of a physician, corroborating the testimony of the defendant's witness, Dr. Owens, and opposing the opinion of the plaintiff's witness, Dr. Gold, as to whether or not the injuries the plaintiff suffered at the time of the collision, she being then pregnant, caused the painful complications, which attended the birth of her child six or seven weeks later. It is true that Dr. Mikelberg had attended Mrs. Gennaro after the birth of her child and, therefore, had special knowledge of her condition, but this fact, as conceded by defendant's counsel at the argument, was known to the defendant before the trial." As appellant had such knowledge of this witness before trial, the testimony that he could have given may not be regarded as after-discovered evidence within the rule.

Judgment affirmed.